UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:20-cv-09505-CAS-AFMx | Date | February 25, 2021 |
|---|---|---|---|
| Title | RE-MARKETING GROUP, INC. V. MARK MILLER ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    **(IN CHAMBERS) - PLAINTIFF'S MOTION TO DISMISS DEFENDANT WOW BARGAINS & CLOSEOUTS, INC.'S COUNTERCLAIMS** (Dkt. 20, filed January 29, 2021)

## I. INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Accordingly, the hearing date of March 1, 2021 is vacated and the matter is hereby taken under submission.

On October 16, 2020, plaintiff Re-Marketing Group, Inc. ("RMG") filed this action against defendants Mark Miller ("Miller") and WOW Bargains & Closeouts, Inc. ("WOW") (collectively, the "WOW parties"). Dkt. 1 ("Compl."). In brief, RMG alleges that defendants have infringed a group of unregistered trademarks related to RMG's "Pic 'N' Save Outlets Bargains & Closeouts" brand (the "PNC marks"), following the dissolution of a potential joint venture between the parties that was intended to license the PNC marks. The complaint alleges claims for: (1) trademark infringement pursuant to 15 U.S.C § 1125 ("the Lanham Act"); (2) California common law trademark infringement; (3) unfair competition pursuant to the Lanham Act; (4) California common law unfair competition; (4) unfair competition in violation of California Business and Professions Code § 17200, et. seq. ("UCL"); and (5) malicious prosecution. Id.

On December 18, 2020, the WOW parties filed an answer to RMG's complaint. Dkt. 12 ("Answer"). The WOW parties asserted eleven affirmative defenses and defendant WOW asserted five counterclaims against RMG and Gregory D. Sherwin ("Sherwin") (collectively, the "RMG parties"): (1) trademark infringement pursuant to the Lanham Act (against all counterclaim defendants); (2) unfair competition pursuant to the Lanham Act (against RMG); (3) unfair competition in violation of the UCL (against RMG); (4) California common law unfair competition (against RMG); and (5) cancellation of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**              'O'

| Case No. | 2:20-cv-09505-CAS-AFMx | Date | February 25, 2021 |
|---|---|---|---|
| Title | RE-MARKETING GROUP, INC. V. MARK MILLER ET AL | | |

California Trademark Registration pursuant to Cal. Bus. & Prof. Code § 14230 (against RMG). Id.

On January 29, 2021, the RMG parties moved to dismiss the counterclaim, dkt. 20 ("MTD"), and filed a request for judicial notice. Dkt. 22 ("RMG RJN"). On February 8, 2021, WOW filed an opposition, dkt. 23 ("Opp'n"), and its own request for judicial notice. Dkt. 24 ("WOW RJN"). The RMG parties filed a reply on February 12, 2021. Dkt. 25 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

WOW alleges the following facts in support of its counterclaim.

### A. The Parties

Defendant and counterclaimant WOW Bargains & Closeouts is a California corporation with its principal place of business in the Central District of California. Counterclaim ¶ 4. WOW operates a "Pic 'N' Save Bargains" branded store at the Anaheim Town Square shopping center in Anaheim, California. Id.

Plaintiff and counterdefendant Re-Marketing Group, Inc. is a California corporation with its principal place of business in Commerce, California. Id. ¶ 5. Counterdefendant Gregory D. Sherwin is an individual who resides in California. Id. ¶ 6. The counterclaim alleges that RMG and Sherwin opened a "knock-off 'Pic 'N' Save' retail store" in Ontario, California after WOW had opened its Pic 'N' Save Bargains store at the Anaheim Town Square. Id. ¶ 7.

### B. The Contemplated Joint Venture

WOW alleges that in 2018, Miller and Sherwin began discussions regarding the possibility of opening new stores that would use the "Pic 'N' Save" trademark used in the western United States by the now defunct Pic 'N' Save closeout retail chain between 1950 and 2002. Id. ¶¶ 8, 12. Miller was an executive at the Pic 'N' Save Corporation from 1988 through its closure in 2002. Id. ¶ 9. Sherwin is the Chief Executive Officer of RMG, which is a wholesale distributor that allegedly does not sell products at the retail level. Id. ¶ 11. WOW alleges that as part of the business development arrangement Miller and Sherwin reached in 2018, the parties agreed that the RMG parties would assist with food

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL                'O'

| Case No. | 2:20-cv-09505-CAS-AFMx | Date | February 25, 2021 |
|---|---|---|---|
| Title | RE-MARKETING GROUP, INC. V. MARK MILLER ET AL | | |

procurement for the new Pic 'N' Save stores, but would not operate a Pic 'N' Save retail outlet or have a controlling or equity interest in the prospective business. Id. ¶ 12.

WOW alleges that trademark clearance was sought for the Pic 'N' Save mark in January 2019, at which time Miller and Sherwin were working together to assess the possibility of opening Pic 'N' Save branded stores. Id. ¶ 13. In February 2018, Miller commissioned a design firm to create a group of "Pic 'N' Save Outlets Bargains & Closeouts" logos, including the "PNC Square Artwork" and "PNC Horizontal Artwork" logos reproduced below:

PNC Square Artwork



PNC Horizontal Artwork



Id. ¶ 14. WOW alleges that the design firm assigned the exclusive copyright rights to the four logos it created to WOW on September 18, 2019. Id. ¶ 29.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                  'O'

| Case No. | 2:20-cv-09505-CAS-AFMx | Date | February 25, 2021 |
|---|---|---|---|
| Title | RE-MARKETING GROUP, INC. V. MARK MILLER ET AL | | |

### C. Federal Intent to Use Application

WOW alleges that in February 2019, Miller and Sherwin decided to file a federal intent-to-use application for the PNC Square Artwork as a design trademark. Id. ¶ 15. At that time, Miller had not yet established the corporation that was intended to ultimately own the PNC marks and logos. Id. Sherwin suggested that RMG should be listed as a "place holder owner" of the PNC Square Artwork on the intent-to-use design trademark application until the new company that would own the mark was formed. Id. ¶ 16. WOW alleges that when Sherwin suggested that RMG should be listed on the application, he knew that RMG did not own the PNC marks and was not intended to be the owner of the marks. Id.

WOW alleges that in connection with the intent-to-use application, the parties "both agreed and understood that RMG was only a placeholder and not the true or actual owner of the trademark applications" and that the only entity with an intent to use the PNC marks was the new company referred to as "Newco." Id. ¶¶ 17. Sherwin and Miller allegedly confirmed in writing, via email, that "the placeholder entity RMG would assign the PIC 'N' Save Outlets Bargains & Close-Outs trademark to the new entity once the new entity was created and once the intent-to-use trademark application issued as a registration," including via a March 1, 2019 email where "Sherwin confirmed in writing that he [would] assign the rights to the registration [to] Newco." Id. Because RMG was not a retailer, the parties agreed to use goods descriptions for Newco in the intent-to-use application and that "assignment to Newco would follow after the registration issued." Id. WOW further alleges that that the parties understood that any use of the PNC marks "would inure solely to the benefit of the true owner of the rights which was Newco, the corporation to be created by Miller for the operation" of the contemplated "Pic 'N' Save" branded retailers. Id. ¶ 18.

The complaint alleges that, consistent with the parties' agreement, Sherwin filed U.S. Trademark Application Serial No. 88/325180 (the "Federal Trademark Application") on March 4, 2019, alleging intent to use the PNC Square Artwork in commerce for deep discount retail services and listing RMG as the owner. Id. ¶ 19 At the time the Federal Trademark Application was filed, Sherwin allegedly knew that RMG was not the true owner of the PNC marks, RMG was not entitled to use the PNC marks in commerce for its own benefit, and that Miller and Miller's new company "had and would have the right to use the mark in commerce." Id. ¶ 21, 23. WOW alleges that, given that knowledge, RMG "did not have a bona fide intention to use" the PNC Square Artwork in commerce in connection with the Federal Trademark Application. Id. ¶¶ 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:20-cv-09505-CAS-AFMx | Date | February 25, 2021 |
|---|---|---|---|
| Title | RE-MARKETING GROUP, INC. V. MARK MILLER ET AL | | |

As of the filing of WOW's counterclaim, the United States Patent and Trademark Office had not issued any federal registration for the PNC Square Artwork. Id. ¶ 25.

**D. Formation of WOW and Dissolution of the Proposed Joint Venture**

WOW avers that, instead of forming a new entity, Miller ultimately decided to transform existing entity Dynamic Candles Collections, Inc. into a new business named WOW Bargains & Closeouts, Inc. for purposes of pursuing activities related to the new Pic 'N' Save stores. Id. ¶ 24. Miller filed amended articles of incorporation creating WOW Bargains & Closeouts on April 18, 2019. Id. WOW began taking steps to open retail outlets using the Pic 'N' Save Bargains mark in the summer of 2019, including by using the marks on business materials and signage. Id. ¶ 33-34. In June 2019, Miller and WOW's CEO printed and distributed approximately 200 business cards using the PNC Horizontal Artwork. Id. ¶ 26. Beginning in July 2019, WOW used the PNC Square Artwork on approximately 75 printed flyers that were distributed to potential landlords and other "industry brokers" in connection with WOW's efforts to find retail space. Id. ¶ 27. In August 2019, WOW leased space at RMG's offices in Commerce, California and began displaying temporary signage outside that leased space that incorporated the PNC Square Artwork—a use WOW alleges RMG and Sherwin were aware of and did not object to. Id. ¶ 28.

WOW alleges that in approximately May 2019, Miller asked RMG to effect transfer of the rights to the Federal Trademark Application to WOW, pursuant to the parties written agreement. Id. At that time, the parties engaged in discussions regarding assignment of trademark and "a temporary license during pendency of the Federal Trademark Application," but the Federal Trademark Application was not ultimately assigned or licensed to WOW. Id. In approximately September 2019, "Sherwin failed to transfer the trademark rights as previously agreed to and demanded [a] significant ownership interest in WOW," in addition to other "significant financial demands" related to the proposal for RMG to supply food and other goods to WOW's retail stores. Id. ¶ 31.

WOW avers that Sherwin's "sudden change in stance" regarding assignment of the trademark rights led the parties' business relationship to quickly deteriorate. Id. WOW alleges that it cut off all remaining ties with RMG and Sherwin in October 2019, including by terminating its lease at RMG's offices and moving its business operations to a new location. Id. ¶ 32. WOW subsequently "continued executing its plan of opening retail outlets under the Pic 'N' Save Bargains mark." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:20-cv-09505-CAS-AFMx | Date | February 25, 2021 |
|---|---|---|---|
| Title | RE-MARKETING GROUP, INC. V. MARK MILLER ET AL | | |

### E. WOW's Retail Stores

Wow alleges that on March 18, 2020, it began operating a retail discount store in Vernon, California under the Pic 'N' Save Bargains trademark (the "Vernon PNS store"). Id. ¶ 35. The signage at the Vernon PNS store displayed the below Pic "N" Save Bargains branding (the "Pic 'N' Save Bargains mark):



Id. ¶ 36. WOW operated the Vernon PNS store continuously from March 18, 2020, until opening its "flagship" store in Anaheim, California on November 13, 2020 (the "Anaheim PNS store"). Id. ¶ 37. The Anaheim PNS store operates using the Pic 'N' Save Bargains mark on store signage, grocery bags, customer receipts, and throughout its website. Id. ¶¶ 37-40. WOW further alleges that the Pic 'N' Save Bargains mark has acquired secondary meaning through its continuous use at WOW's retail stores. Id. ¶ 41.

### F. RMG's California State Trademark Registration

WOW alleges that on March 5, 2020, the WOW parties learned that RMG had filed a new application with the California Secretary of State, seeking state trademark registration of a Pic 'N' Save Outlets Bargains & Close-Outs mark for deep discount retail services. Id. ¶ 42. The California State Trademark Registration No. 02004475 issued to RMG on April 21, 2020 (the "California Registration"). Id.

WOW alleges that the California Registration lists "The Re-Marketing Group, Inc.," an entity which allegedly "is not an existing corporate entity," as the owner of the Pic 'N' Save Outlets Bargains & Close-Outs mark.[1] Id. ¶ 58, 89. RMG represented via the California Registration that the date of first use for the Pic 'N' Save Outlets Bargains & Close-Outs mark was December 6, 2019, and that RMG was the owner of the mark and was not aware of any other person who possessed the right to use the mark. Id. ¶¶ 43-44.

---

[1] WOW appears to allege that the correct name is "Re-Marketing Group, Inc." rather than "The Re-Marketing Group, Inc." Counterclaim ¶ 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:20-cv-09505-CAS-AFMx | Date | February 25, 2021 |
|---|---|---|---|
| Title | RE-MARKETING GROUP, INC. V. MARK MILLER ET AL | | |

In addition, WOW alleges that RMG did not disclose the Federal Trademark Application in the California Registration. <u>Id.</u> ¶¶ 45, 89.

In support of the California Registration, RMG submitted a single undated advertising leaflet, which RMG alleged showed use of the mark in commerce (the "RMG leaflet"):



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                                         'O'

| Case No. | 2:20-cv-09505-CAS-AFMx | Date | February 25, 2021 |
|---|---|---|---|
| Title | RE-MARKETING GROUP, INC. V. MARK MILLER ET AL | | |

Id. ¶ 49. WOW alleges that the RMG leaflet includes an unauthorized exact reproduction of the PNC Square Artwork, which the RMG parties knew was owned by WOW and that RMG was not authorized to use. Id. ¶¶ 50-52.

WOW alleges that the RMG leaflet "fails to show proper trademark use" as of December 6, 2019 because it does not identify the time-frame during which the "pop up" operated and that "pursuant to the parties prior understanding, any use of the trademark at all inures to the benefit of WOW, not RMG." Id. ¶¶ 53-54. Wow alleges that the RMG parties obtained the mark fraudulently by knowingly submitting false information, including "a knowingly false Declaration of Ownership [and] a knowingly false specimen," and misrepresented that the subject mark was in use in commerce at the time of filing. Id. ¶ 89. WOW further alleges that RMG's use of the mark has not been continuous because the "pop up" store stopped operating at least as of March 2020. Id. ¶¶ 55-57.

On November 23, 2020, the RMG parties opened a grocery store under the name "Pic 'N' Save Outlets Bargains & Close-Outs" in Ontario, California.[2] Id. ¶ 59. WOW alleges that the PNC Horizontal Artwork is displayed at the Ontario, California store. Id.

## III.  LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

---

[2] WOW avers that it voluntarily dismissed a trademark infringement action filed against the RMG parties prior to November 23, 2020, because at the time it appeared that "RMG and Sherwin had no evidence of actual use and appeared to have abandoned any use it claimed to have." Counterclaim ¶ 60.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**         'O'

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09505-CAS-AFMx | Date | February 25, 2021 |
| Title | RE-MARKETING GROUP, INC. V. MARK MILLER ET AL | | |

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:20-cv-09505-CAS-AFMx | Date | February 25, 2021 |
|---|---|---|---|
| Title | RE-MARKETING GROUP, INC. V. MARK MILLER ET AL | | |

## IV.   DISCUSSION

### A. Requests for Judicial Notice

Federal Rule of Evidence 201 empowers a court to take judicial notice of facts that are either "(1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); Mullis v. U. S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987).

Here, the parties have each filed an unopposed request that the Court take judicial notice of certain filings before the federal and California trademark offices. Specifically, the RMG parties request that the Court judicially notice: (1) Trademark Application for Registration No. 02/004,475, filed with the California Secretary of State, (2) Trademark Application Serial No. 85/590,566, filed with the United States Patent and Trademark Office, and (3) Trademark Application Serial No. 88/325,180, filed with the United States Patent and Trademark Office. RMG RJN. WOW requests that the Court judicially notice: (1) WOW's California trademark registrations, Nos. 02/004,635, 02/004,636, 02/004,637, and 02/004,639; (2) U.S. Patent and Trademark Office Notice of Abandonment dated January 21, 2021, for U.S. Application Serial No. 88/325180; and (3) the "Trademarks and Service Marks" page posted on the California Secretary of State's website. WOW RJN.

The Court finds that judicial notice of the various filings with the USPTO and California Secretary of State and the print-out from the California Secretary of State's website is warranted as each document's accuracy can be readily determined and is not reasonably subject to dispute. See e.g. Champion Courage Ltd. v. Fighter's Mkt., Inc., No. 17-CV-01855-AJB-BGS, 2018 WL 1920201, at *2 (S.D. Cal. Apr. 24, 2018) (taking judicial notice of trademark materials generated by the USPTO and California Secretary of State); Benabou v. Seng Jin Cheo, No. 2:19-CV-04619-R-SS, 2019 WL 8017820, at *3 (C.D. Cal. Nov. 8, 2019) (judicially noticing a group of "government trademark records").

Accordingly, the RMG parties' request for judicial notice is **GRANTED**, and WOW's request for judicial notice is likewise **GRANTED**.

### B. Sufficiency of Plaintiff's Claims for Trademark Infringement and Unfair Competition

WOW alleges that the RMG parties have engaged in federal trademark infringement and federal unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**           'O'

| Case No. | 2:20-cv-09505-CAS-AFMx | Date | February 25, 2021 |
|---|---|---|---|
| Title | RE-MARKETING GROUP, INC. V. MARK MILLER ET AL | | |

unfair competition in violation of the UCL, and California common law unfair competition. As an initial matter, the Court notes that when trademark and unfair competition claims are based on the same infringing conduct, courts apply the same analysis. 15 U.S.C. §§ 1114, 1125(a). See also E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1288 n.2 (9th Cir. 1992) (noting that elements of infringement and unfair competition claims are essentially the same, and their respective rulings "stand or fall together"); Ingrid & Isabel, LLC v. Baby Be Mine, LLC, 70 F. Supp. 3d 1105, 1134 (N.D. Cal. 2014) ("To successfully maintain an action for ... false designation of origin [or] unfair competition under the Lanham Act or California law, plaintiff must show that it has a valid trademark and that defendant's use of the mark is likely to cause confusion"). WOW has also alleged claims for California statutory and common law unfair competition, and because these California claims are "substantially congruent" with Lanham Act claims, these claims can be analyzed simultaneously with plaintiff's other trademark infringement and unfair competition claims. Playboy Enters. v. Netscape. Commc'ns Corp., 354 F.3d 1020, 1024 n. 10 (9th Cir. 2004). As such, for purposes of the instant motion the Court will address WOW's first through fourth counterclaims together.

The RMG parties move to dismiss WOW's first through fourth counterclaims. In particular, the RMG parties argue that WOW fails to allege ownership of the PNC marks both because its allegations cannot establish priority of use and because the non-sales activities WOW has alleged are not sufficient to establish trademark rights under the totality of the circumstances. Mot. at 7, 12. To the contrary, the RMG parties contend that their own use of the PNC marks was sufficient to establish priority of use in commerce. Id. at 13. The RMG parties also argue that WOW has not sufficiently alleged that RMG's use of the PNC marks inured to WOW's benefit because the conditions of the parties' contract were satisfied. Id. at 14. WOW opposes RMG's motion on the grounds that it has properly alleged facts sufficient to support a finding that it has trademark priority over RMG. See Opp'n at 6.

To prevail on a claim for trademark infringement under the Lanham Act, a plaintiff must prove: (1) ownership of a valid trademark; (2) use of the mark without its consent; and (3) that such use is likely to cause confusion. Credit One Corp v. Credit One Financial, Inc., 661 F. Supp. 2d 1134, 1137 (C.D. Cal. 2009); see also Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1202 (9th Cir. 2012). The ownership of a valid trademark is established through priority of use in commerce. Sengoku Works Ltd. v. RMC Int'l, Ltd., 96 F.3d 1217, 1219 (9th Cir.), as modified, 97 F.3d 1460 (9th Cir. 1996). A mark is "deemed to be in use in commerce … on services when it is used or displayed in the sale or advertising of services and the services are rendered in commerce. Rearden, 683 F.3d

Case 2:20-cv-09505-CAS-AFM Document 28 Filed 02/25/21 Page 12 of 14 Page ID #:283

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-cv-09505-CAS-AFMx | Date | February 25, 2021 |
|---|---|---|---|
| Title | RE-MARKETING GROUP, INC. V. MARK MILLER ET AL | | |

at 1204. In determining whether the two elements of the "use in commerce" test have been satisfied, the Ninth Circuit follows a "totality of the circumstances" approach that turns on showing: (1) adoption of the mark, and (2) use that is "sufficiently public to identify or distinguish marked goods in an appropriate segment of the public mind." Id. "[E]vidence of actual sales, or lack thereof, is not dispositive." Id.

The Court concludes that WOW has alleged facts that are sufficient to state a claim for trademark infringement. The counterclaim alleges both that WOW is the rightful owner of the PNC marks and that use of the marks by RMG outside the scope of the parties' agreement was unauthorized and likely to confuse consumers. See Counterclaim ¶¶ 62-65. Specifically, WOW alleges that in March 2019, in connection with filing a federal intent-to-use application, the parties agreed in writing that RMG was "not the true or actual owner" of the trademark applications, and that "RMG would assign the Pic 'N' Save Outlets Bargains & Close-Outs trademark to the new entity" to be formed by Miller for purposes of using the mark once that new entity was created and the trademark registration issued. Id. ¶¶ 17. WOW further alleges that the parties agreed that any use of the PNC marks would inure solely to the benefit of the new corporation to be created by Miller to operate the "Pic 'N' Save" branded retailers, which was the "true owner of the rights." Id. WOW alleges that Miller transformed an existing business to create the new entity, WOW, on April 18, 2019, and thereafter made requests for RMG to transfer the rights, which were refused. Id. ¶¶ 24, 28, 31. As such, WOW alleges that to the extent that RMG can demonstrate use of the PNC marks, that use was unauthorized and inures to WOW's benefit. Id. ¶¶ 53-54. WOW further alleges that it has used the PNC marks in commerce in a manner that is sufficient to establish priority of ownership, both by engaging in pre-sales business activities using the marks, id. ¶¶ 26-28, and through sales at its "Pic 'N' Save Bargains" branded retail stores beginning on March 18, 2020. Id. ¶ 35. As such, WOW has sufficiently pled that it owns the PNC marks.

In addition, the counterclaim alleges that the RMG parties opened a "Pic 'N' Save Outlets Bargains & Close-Outs" branded grocery store in Ontario, California on November 23, 2020. Id. ¶ 59. WOW alleges that the PNC Horizontal Artwork is displayed at the Ontario grocery store. Id. As such, WOW alleges that the RMG parties are "using trademarks that are confusingly similar to WOW's existing trademark rights" and operating "a knock-off Pic 'N' Save retail store after WOW opened its flagship store." As such, the Court concludes that the counterclaim adequately pleads that the RMG parties have infringed a trademark owned by the WOW parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:20-cv-09505-CAS-AFMx | Date | February 25, 2021 |
|---|---|---|---|
| Title | RE-MARKETING GROUP, INC. V. MARK MILLER ET AL | | |

The RMG parties argue that the counterclaim concedes that RMG has priority of use, contending both that WOW cannot establish sufficient pre-sales use to support its trademark ownership claim and that RMG's use of the mark does not inure to WOW's benefit because "RMG's obligation to assign the rights in the mark were premised on the understanding that Miller would create a *new corporation* to whom the rights would be assigned" rather than transforming an existing entity. See Mot. at 12; Reply at 16.  The Court finds that each of those arguments raises questions of fact that are better resolved at a later stage of the proceedings.  For example, there appears to be significant factual dispute between the parties regarding whether the RMG parties in fact used the PNC Square Artwork in commerce in December 2019 in a manner that could establish trademark priority, whether the RMG parties subsequently made continuous use of the mark, and whether that use inures to WOW's benefit under the terms of the parties' agreement. Compare Mot. at 10, with Opp'n at 11, 19-22.  Likewise, the apparent dispute between the parties as to whether Miller's transformation of an existing entity to form WOW satisfies the terms of their written agreement raises factual questions regarding the terms of the agreement that cannot be resolved on a motion to dismiss.  The Court finds WOW's allegation that WOW is "the correct owner of the subject mark pursuant to the written understanding of the parties" sufficient at the pleadings stage.

Accordingly, the RMG parties' motion to dismiss WOW's first through fourth counterclaims is **DENIED**.

### C. Trademark Cancellation

The RMG parties move to dismiss WOW's claim for cancellation of RMG's California trademark registration.  Under California Business & Profession Code Section 14230, the Secretary of State must cancel a trademark registration upon certain determinations by a court of competent jurisdiction, including findings that: "[A] the registrant is not the owner of the mark[;] [B] the registration was granted improperly[;] or [C] the registration was obtained fraudulently." Cal. Bus. & Prof. Code § 14230 (c)(2)-(4) (West).  Interpreting California's trademark statute with reference to analogous federal case law, the Ninth Circuit concluded in Grupo Gigante SA De CV v. Dallo & Co. that cancellation of a trademark on grounds of fraud requires a showing of "intent to deceive." 391 F.3d 1088, 1106 (9th Cir. 2004).

WOW alleges that RMG's California trademark registration is subject to cancellation on a number of grounds. These include assertions that "RMG is not the actual owner of the trademark rights;" that the trademark registration was granted improperly because RMG "has not properly used the subject mark" and due to irregularities in its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                               'O'

| Case No. | 2:20-cv-09505-CAS-AFMx | Date | February 25, 2021 |
|---|---|---|---|
| Title | RE-MARKETING GROUP, INC. V. MARK MILLER ET AL | | |

application; and that RMG obtained the mark fraudulently by submitting "a knowingly false Declaration of Ownership, [and] a knowingly false specimen" and misrepresenting that the mark was in use in commerce. Counterclaim ¶¶ 89-91. RMG moves to dismiss the trademark cancellation claim, arguing that WOW has not presented "clear and convincing evidence of intent to deceive" that would support cancellation on the basis of fraud, that the mark was in use in commerce, and that the various application irregularities cited by WOW are at most clerical errors that do not establish that RMG's registration was granted improperly. See MTD at 16-19.

Here, as explained *supra* with respect to the motion to dismiss WOW's trademark and unfair competition claims, the Court finds WOW's allegations sufficient to establish, for purposes of a motion to dismiss, that WOW is the owner of the PNC marks by virtue of the parties' agreements. Likewise, the Court concludes that WOW has sufficiently alleged that RMG "is not the actual owner of trademark rights," and that RMG's California trademark registration is therefore subject to cancellation. See Counterclaim ¶ 89 (alleging that based on the parties agreement, any use in commerce "inures to the benefit of WOW").

Accordingly, the Court **DENIES** the RMG parties' motion to dismiss WOW's fifth counterclaim.

## V.     CONCLUSION

In accordance with the foregoing, the Court orders as follows:

1. The Court **GRANTS** the RMG parties' request for judicial notice.

2. The Court **GRANTS** WOW's request for judicial notice.

3. The Court **DENIES** the RMG parties' motion to dismiss the counterclaim.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |